IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY LAMONT LUNSFORD, | ) | |
| | ) | |
| Movant, | ) | NO. 3:08-00299 |
| | ) | JUDGE HAYNES |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Movant, Timothy Lamont Lunsford, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting claims for ineffective assistance of counsel. Movant contends that his counsel did not pursue the appeal concerning sentencing credits that the Court recommended at his sentencing.

Movant was indicted for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and two drug charges in violation of 18 U.S.C. § 924(c). After preliminary proceedings, Movant entered into a plea agreement for a 120 months sentence. At his sentencing hearing, this Court recommended that Movant be awarded sentence credits for the time Movant was in federal custody, August 5, 2003 until his sentencing. According to his motion, Movant filed a notice of appeal, but his counsel did not pursue the appeal (Docket Entry No. 1, Motion at pp. 2, 4). Later the Bureau of Prisons denied him the sentence credits recommended by the Court.

Under Rule 8 of the rules governing Section 2255, the Court can conclude that an evidentiary hearing is unnecessary to decide these claims. Green v. United States, 65 F.3d 546,

1

548 (6th Cir. 1995). Upon review of Movant's claims and the relevant law, the Court deems an evidentiary hearing unnecessary.

As to Movant's claim of ineffective assistance of counsel due to counsel's failure to pursue the appeal on sentence credits, the Bureau of Prisons must initially decide any award of sentence credit. United States v. Wilson, 503 U.S. 328, 335 (1992). Eighteen U.S.C § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences:
>
> (1)  as a result of the offense for which the sentence was imposed; or
> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b). "[T]he district court cannot determine the amount of the credit [for time served] at sentencing." Wilson, 503 U.S. at 335.

Under Section 3585(b), Movant must first exhaust his administrative remedies within the Bureau of Prisons ("BOP") before a Court can consider this claim. Wilson, 503 U.S. at 335-36. BOP has an administrative review of computation of sentence credits as set forth in 28 C.F.R. § 542.10-542.16 (1997). Once Movant exhausts his administrative remedies, any further challenge to any computation of a jail credit must be file under 28 U.S.C. §2241, Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); and in the district where Movant is incarcerated. Rumsfeld v. Padilla, 124 S.Ct. 2711 (2004). Here, the Court only "recommended" credit for time served be granted. (Docket Entry No. 124, Case No. 3:03-cr-00119, Transcript of Sentencing Hearing at pp. 4-5).

For his ineffective assistance of counsel claim, Movant must prove that his "counsel made error so serious that counsel was not functioning as the counsel guaranteed by the Sixth

Circuit Amendment and that the deficient performance prejudiced the defense [and] deprived the defendant of a fair trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). "Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." Id. Movant has not alleged that but for his attorney's failure to ask for a concurrent sentence, he would not have pled guilty and would have insisted upon a trial. In any event, a defense attorney's alleged failures to argue for a different kind of sentence are not grounds for relief under Section 2255. Jenkins v. United States, 394 F.3d 407, 410-11 (6th Cir. 2005) (rejecting claims that counsel failure to argue that imposition of consecutive improper sentence); Foster v. United States, 1995 WL 613733, at *1 (6th Cir. 1995) (counsel was not ineffective for not filing a post-conviction motion challenging Movant's consecutive sentence).

Thus, Movant's counsel's cited failure to appeal the sentence credits issue was neither ineffective nor prejudicial because neither the Court nor the Sixth Circuit could address the sentencing credits issue in Movant's criminal action or on appeal.

Accordingly, this action is **DISMISSED with prejudice** on Movant's ineffective assistance of counsel claim, but **without prejudice** on Movant's sentencing credits claim.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the 16th day of December, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge