IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TIMOTHY LAMONT LUNSFORD, | ) | |
| | ) | |
| Movant, | ) | No. 3:08-0299 |
| | ) | Chief Judge Haynes |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Movant, Timothy Lamont Lunsford, a prisoner at the Federal Correction Institution ("FCI") in Forrest City, Arkansas, filed this motion to amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting claims for ineffective assistance of counsel. Movant contends that his counsel did not pursue the appeal concerning sentencing credits that the Court recommended at his sentencing.

Movant was indicted for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and two drug charges in violation of 18 U.S.C. § 924(c). United States v. Lunsford, No. 3:03-cr-0119-1, Docket Entry No. 1[1]. After preliminary proceedings, Movant entered into a plea agreement for a 120 months sentence. At his sentencing hearing, this Court recommended that Movant be awarded sentence credits for the time Movant was in federal custody until his sentencing. According to his amended motion, Movant filed a notice of appeal, but his counsel did not pursue the appeal (Docket Entry No. 1 at 2, 4).

By Order dated December 16, 2010, the Court dismissed with prejudice Movant's ineffective assistance of counsel claim, filed under § 2255, but without prejudice as to Movant's

---

[1] Unless stated otherwise herein, all docket entry citations are to filing in this action, Lunsford v. United States, No. 3:08-0229.

1

sentencing credits claim. (Docket Entry No. 4). Accordingly, the Court entered Judgment and dismissed this action. (Docket Entry No. 5). In its Order, the Court found that any further challenge to any computation of jail time credits must be filed under 28 U.S.C. § 2241 and in the district where Movant is incarcerated. Docket Entry No. 4 at 2; Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); Rumsfeld v. Padilla, 524 U.S. 426 (2004). Accordingly, by Order dated May 24, 2011, the Court ordered that all issues in this action must be presented to the Arkansas district court. (Docket Entry No. 9).

The Bureau of Prisons denied him the sentence credits recommended by the Court, and in a related action, Lunsford v. Outlaw, No. 2:08CV0185 JMM/JTR, 2010 WL 1780412 (E.D. Ark. Apr. 20, 2010) (proposed findings and recommended disposition adopted) the Arkansas district court dismissed Movant's petition for habeas corpus, filed under 28 U.S.C. § 2241, on May 4, 2010. (Docket Entry No. 8-1 at 5-6).

Before the Court is Movant's Federal Rule of Civil Procedure 15(c)(2) motion to amend his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, filed on August 17, 2012. (Docket Entry No. 12). Once a movant exhausts his administrative remedies, any further challenge to any computation of jail time credits must be filed under 28 U.S.C. § 2241, Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998); and in the district where Movant is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).

Movant is incarcerated at the FCI in Forrest City, Arkansas. Thus, the United States District Court for Eastern District of Arkansas retains jurisdiction over Movant's claims.

Accordingly, this action is **DISMISSED with prejudice** for lack of jurisdiction. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 12th day of September, 2012.

_____
WILLIAM J. HAYNES, JR.
Chief United States District Judge